UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HART, #436772,

    Plaintiff,                              CIVIL ACTION NO. 10-13953

    v.                                         DISTRICT JUDGE MARIANNE O. BATTANI

CORRECTIONAL MEDICAL,                MAGISTRATE JUDGE MARK A. RANDON
SERVICES, INC., ET. AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT/TO DISMISS (DKT. NOS. 12, 15, 23, 29)
AND TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 16)**

Plaintiff Kenneth Hart ("Plaintiff"), a prisoner proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983 alleging that Defendant Correctional Medical Services, Inc. ("CMS") and certain employees of CMS and of the Michigan Department of Corrections ("MDOC"), violated his Eighth Amendment rights by acting with deliberate indifference to his need for treatment of wrist and knee injuries. Presently before the Court are Defendant Paul Renico's motion for summary judgment (Dkt. No. 12), Plaintiff's motion for summary judgment[1] (Dkt. No. 16), Defendant CMS's motion to dismiss (Dkt. No. 15), Defendant Samuel Teed's motion for summary judgment (Dkt. No. 23) and Defendant W. Whitney's motion for summary judgment (Dkt. No. 29). Judge Marianne O. Battani referred all pre-trial proceedings to the undersigned (Dkt. No. 13).

---

[1] Plaintiff's motion for summary judgment appears to be a preemptive response brief to Defendants' motions for summary judgment. In Plaintiff's motion, he argues that his claims should not be barred by the statute of limitations and that Defendants are not entitled to qualified immunity.

For the foregoing reasons, I recommend that Defendants' motions to dismiss/motions for summary judgment all be **GRANTED** and that Plaintiff's motion for summary judgment be **DENIED**. As described in greater detail below, I find that Plaintiff's entire case is barred by the applicable statute of limitations; accordingly, I further recommend that this entire case be dismissed, with prejudice.[2]

## I. BACKGROUND

Plaintiff is a prisoner incarcerated by the MDOC. Generally, the facts in Plaintiff's Complaint allege that Plaintiff broke his wrist and injured his knee playing basketball in a prison gym on October 12, 2003, and thereafter he received inadequate medical care to properly treat those injuries (Dkt. No. 1; Compl.). Plaintiff alleges that he was informed by doctors that his wrist was broken and that his knee could not be diagnosed due to swelling (*Id.* ¶ 4). Plaintiff further alleges that he requested but was denied an M.R.I. on his knee at that time (*Id.* ¶ 5). According to Plaintiff, pins were placed into his broken wrist and doctors recommended, on January 14, 2004, that the pins be removed (*Id.* ¶ 8). Plaintiff claims that the pins were not removed until March 5, 2004 (*Id.* ¶ 8-11).

Plaintiff further alleges that his knee was examined on January 29, 2004, and April 14, 2004 and that according to medical staff and after x-rays were taken, he was told that both knees were normal (*Id.* ¶ 12-13). Plaintiff also alleges that he subsequently twisted his knee on July 25, 2005 and was sent to healthcare (*Id.* ¶ 16). According to Plaintiff, his knee was examined and he was

---

[2] Defendants' dispositive motions also argue that Plaintiff's case should be dismissed because Plaintiff fails to state a claim, because Plaintiff did not exhaust his administrative remedies and because Defendants are entitled to qualified immunity. Because the undersigned finds that the application statute of limitations bars all of Plaintiff's claims, this Report and Recommendation does not analyze Defendants' alternative arguments.

informed that it was normal (*Id.* ¶ 18). Plaintiff claims that he again requested an M.R.I., which was denied (*Id.* ¶ 21). Plaintiff alleges that it was not until he arrived at Kinross Correctional Facility in January 2009, and examined by medical staff there, that he was informed he had a torn meniscus in his knee (*Id.* ¶ 24-26). Knee surgery was subsequently performed on February 13, 2009 (*Id.* ¶ 27).

Plaintiff's Complaint is filed under 42 U.S.C. § 1983 and protests infringement of his civil rights, alleging violations of the Eighth Amendment of the United States Constitution. Plaintiff alleges that medical staff at St. Louis Correctional Facility failed to provide proper medical treatment. For relief, Plaintiff seeks declaratory and injunctive relief, as well as punitive and compensatory damages in excess of $500,000.

Plaintiff filed three grievances concerning the incidents in question (Dkt. No. 15; Exs. A, B, and C).³ The details of Plaintiff's three grievances are as follows:

### A. First Grievance – SLF04030054712d1 (Dkt. No. 15; Ex. A)

Step I of Plaintiff's first grievance, dated February 27, 2004, alleges "pins" in Plaintiff's wrist resulting from a basketball injury on October 12, 2003 remained present for 4 ½ months and needed to be removed, but were not removed because the procedure was not approved by "MDOC Insurance." Plaintiff claims he addressed the issue with "medical" prior to filing the grievance. Plaintiff's grievance further identifies a problem with his knee concerning which x-rays were

---

³ The relevant grievance policy is MDOC Policy Directive ("PD") 03.02.130 (Dkt. No. 15; Exs. D and E). PD 03.02.130 became effective on December 19, 2003 applies to Plaintiff's first and second grievances (Dkt. No. 15; Ex. D). PD 03.02.130 became effective on July 9, 2007 applies to Plaintiff's third grievance (Dkt. No.15; Ex. E). Both versions of MDOC PD 03.02.130, contain four stages that an inmate must satisfy prior to seeking judicial review, each within specific time limits. First, within two days of discovering a grievable issue, the inmate must attempt to verbally resolve the issue with those involved. If an attempted resolution is unsuccessful, the inmate may then file a Step I grievance form within five business days of the attempted resolution. The policy requires that if the inmate is not satisfied with the response at Step I, he may request a Step II appeal form and file it within 10 business days of the Step I response. If the inmate is dissatisfied with the result at Step II, he has ten business days to appeal to Step III. The Step III response concludes the administrative grievance process.

negative. The Step I response was provided on March 23, 2004. Plaintiff's Step II appeal, dated April 7, 2004 alleges he did not receive a Step I interview and "Mr. Teed" was "attempting to cover up the lack of proper medical by hurrying up and having the pins removed." The Step II response, dated June 28, 2004, indicates that on January 14, 2004 the pins were recommended for removal in one week, approval for the procedure was initiated on January 16, 2004, approval was provided on January 27, 2004, the procedure was scheduled for February 27, 2004, then changed by the specialist to March 4, 2004, and the pins were removed on March 5, 2004. Plaintiff's Step III appeal, received by the MDOC on or about July 24, 2004 states he did not receive "adequate or efficient healthcare." The Step III response, dated April 4, 2005, indicates that treatment requested was provided and nothing more could be done.

### B. Second Grievance – SLF-05-09-1938-12e3 (Dkt. No. 15; Ex. B)

Step I of Plaintiff's second grievance, dated August 31, 2005, alleges Plaintiff received "inadequate healthcare" for his knee on several occasions (including 10/12/2003, 8/1/2005, and 7/1/2004). The grievance alleges Plaintiff was sent "to heathcare here several times for this issue, but they never do anything to solve the problem." It also alleges he "saw the doctor and he said 'there is nothing there [sic] going to really do about it.'" Plaintiff was interviewed, and the Step I response is dated September 20, 2005. Plaintiff's Step II appeal, dated September 23, 2005, continues to allege Plaintiff received inadequate medical care concerning his "knee" by "healthcare" in violation of MDOC policy directive 03.04.100. The Step II Response denied Plaintiff's grievance as untimely pursuant to PD 03.02.130 [the grievance was not filed within 5 days of any of the alleged incident dates]. At Step III, Plaintiff's second grievance was again denied as untimely. The Step III

denial further noted that Plaintiff received appropriate treatment for his knee and, if he would like to pursue a different course of treatment, he could do so at his own expense.

### C. Third Grievance – SLF-09-06-0803-28E (Dkt. No. 15; Ex. C)

Plaintiff's third grievance, dated June 14, 2009, states that it concerns an incident that allegedly occurred on October 12, 2003 – again the same date as Plaintiff's basketball injury that was the subject of Plaintiff's first grievance, previously filed in 2004. Plaintiff's third grievance reads:

> Date of Incident: 10/12/03
>
> \*\*\*
>
> Per Policy 03.04.100 states prisoners shall be provided with unimpeded access to a continuim (sic) of healthcare service that is timely, humane, and cost efficient. I wrote numerous kites to healthcare explaining that my knee had a serious problem. I asked for an MRI and went under many xrays that showed nothing. I was in pain but deliberately giving (sic) no help. I was giving (sic) a surgery 2/13/09 showing that I had a 100% ACL tear. This is a direct effect of not being treated properly at St Louis Correctional Facility.
>
> *Resolution to have all that are involved to be repremended (sic) and to be compensated.

In other words, Plaintiff's third grievance rehashes the complaints raised in Plaintiff's first and second grievances. Plaintiff's third grievance was denied at all three steps as untimely pursuant to PD 03.02.130. Specifically, the grievance respondent observed the grievance concerned the incident on October 12, 2003 and that Plaintiff could have attempted to resolve the issue for over 3 years while at the St. Louis Correctional Facility, but he did not.

## II. ANALYSIS

### A. *Motions to Dismiss*

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. Under Fed. R. of Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __ (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *See Iqbal*. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. *Summary Judgment Pursuant to Rule 56*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### C. *The Statute of Limitations Bars Plaintiff's Claims*

Because the statute of limitations is an affirmative defense, Defendants raising that shield have the burden of proof. *See Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). To prevail, Defendants must show: (1) that the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when Plaintiff's cause of action accrued. *Id.* If Defendants

carry their burden, the burden shifts to Plaintiff to establish an exception to the statute of limitations. *Id.*

The relevant statute, 42 U.S.C. § 1983, does not itself set a statute of limitations period. Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008); *see also Owens v. Okure*, 488 U.S. 235, 240–41 (1989). For a § 1983 action arising in Michigan, such as this case, Michigan's three-year statute of limitations period for personal injury claims governs. *Id.* (citing MCL § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)).

The Court must determine the date on which Plaintiff's claims against each Defendant accrued. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[F]ederal standards govern when the statute [of limitations] begins to run." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *see Wilson v. Garcia*, 471 U.S. 261, 267 (1985). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of injury *is not then known or predictable*." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (emphasis added). The statute of limitations begins to run when the plaintiff knows or has reason to know of the act providing the basis for her injury has occurred. *See Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1997); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The Sixth Circuit has held that the statute of limitations

clock applicable to a prisoner-initiated § 1983 suit tolls while the plaintiff exhausts available state administrative remedies. *See Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Plaintiff's Complaint, filed October 4, 2010 (Dkt. No. 1), was filed over 5 years after his first grievance was denied at Step III on April 4, 2005, and over 4 years after his second grievance was denied at Step III on December 27, 2005. Clearly the Complaint was not filed within three years of the date of Plaintiff's injury or the alleged conduct that Plaintiff alleges. Plaintiff's third grievance is simply a rehashing of the issues raised in his first and second grievance. The only new information/allegations contained in Plaintiff's third grievance relates to the extent of Plaintiff's knee injury. The fact that Plaintiff later learned the complete extent of his knee injury after having surgery on his knee in 2009 does not serve to resurrect a time-barred claim. *See Stapleton v. Bryson,* Case No. No. 1:11–cv–601, 2011 WL 2746124 *3 (W.D. Mich. July 12, 2011).

The undersigned therefore finds that Plaintiff's claims in this case accrued on December 27, 2005, when Plaintiff's second grievance was ultimately denied at Step III. Therefore, Plaintiff had three years after that date – or until December 28, 2008 – to file the instant suit. Again, Plaintiff's Complaint was filed on October 4, 2010 – nearly two years too late. As such, Plaintiff's claims are barred by the three-year statue of limitations and this case should be dismissed, with prejudice. It should be noted, however, that the claims in Plaintiff's Complaint relate to his medical care while he was housed at St. Louis Correctional Facility. To the extent Plaintiff believes that his current medical care at the Kinross Correctional Facility is inadequate, Plaintiff should bring those claims in a new lawsuit, after completing the grievance process.

### *D. Plaintiff Has Provided No Other Reasons for Equitably Tolling His Suit*

The Sixth Circuit has provided the following non-exhaustive list of factors for this Court to consider when determining the appropriateness of equitably tolling the statute of limitations: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Thread v. County of Wayne*, 148 F.3d 644, (6th Cir. 1998). "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). And the burden to establish equitable tolling rests upon Plaintiff. *See Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01–5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Plaintiff provides no explanation for waiting to file suit until nearly five years after his claims were administratively exhausted. The events underlying this suit arose seven years before Plaintiff filed his Complaint. Equitable tolling is rare, and the burden is upon Plaintiff to establish that equity weighs in his favor. He has not done so in this case.

### *E. The Statute Of Limitations Bars Plaintiff's Claims Against All Defendants*

Although the statute of limitations is an affirmative defense that must typically be raised by a defendant, on the facts of this case it applies with equal force to those who are unserved (Dr. Snow and Jane Doe). None of the forgoing analysis is unique to any Defendant. Defendants CMS, Renico, Teed and Whitney have raised the affirmative defense of statute of limitations, and Plaintiff has had

multiple opportunities to respond that the statute of limitations does not bar his claims (Dkt. Nos. 16, 23). He has failed to do so. Under these circumstances, it would be futile and an uneconomical use of judicial resources to conduct further proceedings against the non-moving and unserved Defendants. *See Monk v. Bailey*, No. 1:08–CV–903, 2010 WL 4962960, at *4 (W.D. Mich. Oct.28, 2010) report adopted by 2010 WL 4963013 (W.D. Mich. Dec.1, 2010) (dismissing six unserved "Doe" defendants who allegedly denied plaintiff medical treatment where plaintiff could not establish exhaustion as to any prison personnel); *see also Moore v. Thomas*, 653 F.Supp.2d 984, 1003 (N.D. Cal. 2009) ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues."); *Blake v. McCormick*, No. 5:06–cv–273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007) (concluding that successful affirmative defense of lack of exhaustion raised by defendants who were served in a prisoner civil rights case also "inure[d] to the benefit of any unserved or defaulting defendants"); *cf. Laubach v. Scibana*, No. Civ–05–1294–F, 2008 WL 281545 at * 12 (W.D. Okla. Jan.31, 2008) (holding that affirmative defenses asserted by served defendants, including exhaustion, were "equally applicable to the claims against the unresponsive and unserved defendants," and dismissing complaint as to unserved defendants for failure to state a claim upon which relief may be granted).

Furthermore, the Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03–3187, 2003 WL 22416912, at *1 (6th Cir. Oct.21, 2003);

*Castillo v. Grogan*, No. 02–5294, 2002 WL 31780936, at *1 (6th Cir. Dec.11, 2002); *Duff v. Yount*, No. 02–5250, 2002 WL 31388756, at *1–2 (6th Cir. Oct.22, 2002). Plaintiff's claims are squarely barred by the statute of limitations, therefore, Plaintiff's entire suit should be dismissed.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** Defendant's motions for summary judgment and/or motions to dismiss all be **GRANTED** and that Plaintiff's motion for summary judgment be **DENIED**. As I find that Plaintiff's claims are barred by the statute of limitations, this entire case should be **DISMISSED, WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon
                                              Mark A. Randon
                                              United States Magistrate Judge

Dated: July 25, 2011

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 25, 2011.*

                                              *s/Melody R. Miles*
                                              *Case Manager to Magistrate Judge Mark A. Randon*