**UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH HART,

        Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES,
INC., ET AL.,

        Defendants.
_____/

CASE NO. 10-13953

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
<u>GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT/TO DISMISS</u>**

Before the Court is Plaintiff's objection (Doc. 36) to the Magistrate Judge's July 25, 2011 Report and Recommendation ("R&R") (Doc. 34). In the R&R, the Magistrate Judge recommended that the Court grant Defendants' motions for summary judgment and dismissal (Docs. 12, 15, 23, and 29) and deny Plaintiff's motion for summary judgment (Doc. 16). The Magistrate Judge based his recommendation upon a finding that the applicable statute of limitations bars Plaintiff's entire case. For the reasons that follow, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** Defendants' motions for summary judgment and dismissal.

**I.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. <u>See</u> (Doc. 34 at 2-5).

## II.   STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.   ANALYSIS

In the R&R, the Magistrate Judge determined Plaintiff's deliberate indifference claim accrued on December 27, 2005 after the MDOC denied his second grievance relating to medical treatment received in connection with an October 2003 injury to his wrist and knee.  (Doc. 34 at 9).  Applying the three-year statute of limitations borrowed from Michigan tort law, the Magistrate Judge found Plaintiff's October 4, 2010 complaint untimely because it was filed after the limitations period expired on December 28, 2008. Id.  Consequently, the Magistrate Judge recommended dismissal of the entire case, against all defendants, both served and unserved.  Id. at 12.

Plaintiff focuses his single objection on the Magistrate Judge's conclusion that the claim accrued on December 27, 2005.  (Doc. 36 at 3).  Plaintiff argues his claim is timely because it accrued on February 13, 2009 when he first discovered the full extent

2

of his injury after a surgery. The law does not support Plaintiff's position. It is well-settled that the statute of limitations begins to run in a § 1983 action when a plaintiff knows or has reason to know of the act providing the basis for the injury has occurred. See Edison v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007) (citing Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 520 (6th Cir.1997)). The Supreme Court has made clear that a "cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Wallace v. Kato, 549 U.S. 384, 391 (2007) (citation omitted).

In this case, Plaintiff maintains Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his medical needs after his October 2003 injury. Plaintiff's filing of administrative grievances during 2004 and 2005 tolled the three-year statute of limitations on this claim. See Brown v. Morgan, 209 F.3d 595, 596 6th Cir. 2000) (holding the statute of limitations clock applicable to a prisoner-initiated § 1983 suit tolls while the plaintiff exhausts available state administrative remedies). The statute began to run on December 27, 2005 after Plaintiff exhausted the administrative process. Plaintiff had until December 28, 2008 to file his deliberate indifference claim. He filed the instant complaint on October 4, 2010, nearly two years too late. Contrary to his position, the law is clear: Plaintiff's February 2009 discovery of the "full extent" of his injury does not shift the point in time at which his deliberate indifference claim accrued. Edison, 510 F.3d at 635; Wallace, 549 U.S. at 391. Accordingly, the Court finds no

error in the Magistrate Judge's claim-accrual analysis and Plaintiff's objection is overruled.

Furthermore, the "continuing violation" doctrine provides Plaintiff no relief from the effect of the statute of limitations. (Doc. 36 at 3). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Edison, 510 F.3d at 635 (internal quotation marks omitted) (quoting Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 940 (6th Cir. 1999)). Here, Plaintiff bases his claim on the "ill effects" of the allegedly inadequate medical treatment received in connection with the original October 2003 injury rather than on any "continual unlawful acts." Indeed, the allegations of deliberate indifference that form the basis of Plaintiff's complaint were the subject of his first and second grievances, all of which undeniably occurred before December 27, 2005. See (Doc. 1, ¶¶ 7, 10, 11, 14, and 16). Therefore, the "continuing violation" doctrine does not apply in this matter.

## IV.  CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection (Doc. 36), **ADOPTS** the R&R (Doc. 34), **DENIES** Plaintiff's motion for summary judgment (Doc. 16), and **GRANTS** Defendants' motions for summary judgment and dismissal (Docs. 12, 15, 23, and 29).

**IT IS SO ORDERED.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATE: September 19, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff, Kenneth Hart, via ordinary U.S. Mail, and counsel for the Defendant, electronically.

s/Bernadette M. Thebolt<br>
Case Manager